**James A. RICHARDSON and Sandra K. Richardson**

v.

**MERCHANTS NATIONAL BANK.**

**Civ. A. No. 84–2319.**

United States District Court,
E.D. Pennsylvania.

Dec. 17, 1984.

David A. Scholl, Bethlehem, Pa., for plaintiff.

Donald P. Russo, Allentown, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Plaintiffs in this action complain of a violation of the Truth in Lending Act (TILA), specifically 15 U.S.C. § 1638(a)(9)(B), which proscribes undisclosed security interests. The Richardsons delivered to defendants the title to their 1974 Chevrolet automobile at the same time that they received a loan in the amount of $10,416.72, exclusive of interest. The Installment Loan Note and Security Agreement lists a security interest in a 1975 Brockway tractor as collateral for the loan. Also disclosed on the face of the agreement is a checked box followed by the statement, "Collateral securing other loans with us may also secure this loan". It is not clear from the complaint whether or not the automobile falls into that category.

On that basis, as well as on the basis of other perceived pleading deficiencies, defendant has moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). Although it is true that plaintiffs do not allege in detail all the facts underlying their complaint, *e.g.*, that they own the car in question, that it does not secure any other loan from defendant bank, and that they were required to use it to secure the instant loan, these allegations are implicit in the complaint. It is also true that proof of only one fact is necessary to demonstrate a violation of the law, *viz.*, that a security interest was taken in the automobile but was not disclosed in the agreement.[1]

The well-known standard for the dismissal of the complaint for failure to state a claim upon which relief may be granted is that it must be apparent that plaintiffs can prove no set of facts which would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). It is not clear from the present state of the pleadings that such a situation presents itself here. Plaintiffs may prove a TILA violation if discovery confirms the allegations of the complaint and the Court determines that the facts as adduced amount to an undisclosed security interest. It is simply too soon to decide the ultimate issue.

## ORDER

AND NOW, this 17th day of December, 1984, upon consideration of defendant's motion to dismiss the complaint and plaintiffs' response thereto, IT IS ORDERED that the motion is DENIED.

---

1. Implicit in defendant's motion to dismiss is the argument that if the car were covered by the catch-all clause described above there would be no violation of TILA. However, that is by no means self-evident, was not adequately briefed, and is not considered at this time.